

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00173-CR

_____

RAVEN FAYE THIEBAUD, Appellant

V.

The State of Texas

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13249

---

Before Pittman, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Raven Faye Thiebaud appeals from the trial court's revocation of her community supervision and her sentence of twenty-four months' confinement in the State Jail Division. Because we agree with Appellant's appointed appellate counsel that her appeal is meritless as to her revocation and sentence, but we also modify the trial court's judgment to delete an improperly assessed filing fee, we affirm the trial court's judgment as modified.

## BRIEF FACTS

In October 2015, pursuant to a plea bargain, Appellant pled guilty to possession of less than one gram of a controlled substance (methamphetamine), and the trial court convicted her and sentenced her to twenty-four months in the State Jail Division but suspended imposition of the sentence, placing her on community supervision for four years. *See* Tex. Health & Safety Code Ann. §§ 481.102(6) (providing methamphetamine is a Penalty Group 1 substance), .115(a), (b) (providing possession of a Penalty Group 1 substance is a state jail felony if the amount possessed, including adulterants or dilutants, weighs less than a gram); Tex. Penal Code Ann. § 12.35(a) (providing range of confinement for a state jail felony is 180 days to two years).

In January 2018, the State filed a motion to revoke Appellant's community supervision, alleging several violations of the court-ordered conditions of community supervision. Appellant pled true to allegations that she:

2

- Failed to report by mail to her community supervision officer in January, February, September, and November 2017;

- Failed to pay crime-stopper fees for March 2016;

- Failed to pay court cost fees for May 2016, September 2016, and November 2016 through November 2017;

- Failed to pay $60 monthly in community supervision fees for January 2016, March 2016 through July 2016, September 2016 through February 2017, April 2017 through June 2017, and September 2017 through November 2017; and

- Failed to provide documentation showing her attendance and completion of the twelve-step program of Celebrate Recovery.

After a hearing, the trial court revoked Appellant's community supervision and sentenced her to twenty-four months' confinement in the State Jail Division, awarding her credit for time served.

## DISCUSSION

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that there is nothing in the record that might arguably support this appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). In her pro se response to counsel's brief, Appellant complains of ineffective assistance of trial counsel and the length of her sentence. The State has not filed a brief.

3

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the record, counsel's brief, and Appellant's pro se response.

In our independent review of the record, we discovered that the bill of costs includes charges of $990, but only $70 of those charges were imposed as a result of Appellant's revocation case. Because Appellant did not appeal from her conviction and original sentence, the $920 in costs originally imposed cannot now be challenged. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013). Included in the new charges is a $15 filing fee for the State's motion to revoke Appellant's community supervision. Although a civil statute mandates that when the State prevails in a civil lawsuit, the opposing party must pay the State's filing fees, *see* Tex. Civ. Prac. & Rem. Code Ann. § 8.02, we have not found a corresponding criminal statute. District clerks have no discretion to impose costs not authorized by the Texas Legislature. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) ("Only statutorily authorized costs may be assessed against a criminal defendant."). We therefore modify the judgment, the incorporated order to withdraw funds, and the bill of costs to delete this $15 fee. *See Thomas v. State*, No. 02-18-00337-CR, 2019 WL 166001, at *2 (Tex. App.—Fort Worth Jan. 10, 2019, no pet. h.) (mem. op., not designated for publication) (deleting

4

criminal filing fee because there was no statutory basis for the fee); *Diaz v. State*, No. 10-16-00218-CR, 2017 WL 4413436, at *4 (Tex. App.—Waco Oct. 4, 2017, no pet.) (mem. op., not designated for publication) (same); *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal).

Except for this improperly imposed fee, we agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

## <u>CONCLUSION</u>

Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds incorporated therein.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 28, 2019